UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS - 6

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2023 ABC (SSx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | MHS-Rossmore, LLC v. Silvia Villatoro | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER RE: REMAND TO STATE COURT (In Chambers)

On April 2, 2008, the Court issued an Order to Show Cause ("OSC") why this case should not be remanded to state court for lack of subject matter jurisdiction. Defendant Silvia Villatoro ("Defendant") responded on April 10, 2008 and Plaintiff MHS-Rossmore, LLC ("Plaintiff") responded on April 18, 2008. Oral argument on these matters is unnecessary. See Fed. R. Civ. Proc. 78; Local Rule 7-15. After considering the responses from the parties and the case file in this matter, the Court VACATES the July 7, 2008 Scheduling Conference and REMANDS this case to state court.

Plaintiff filed this unlawful detainer action in Los Angeles Superior Court on March 21, 2008. Defendant removed it to federal court on March 31, 2008. Defendant believes removal is appropriate pursuant to 28 U.S.C. § 1441(b) because the Court has original jurisdiction under 42 U.S.C. § 1437f and 24 C.F.R. § 982.1, et seq., also known as the "Section 8" housing law. Plaintiff seeks remand because this is a standard eviction case and the Court does not have jurisdiction even though Plaintiff's tenancy may be covered by Section 8. The Court agrees that this case lacks a federal question sufficient to sustain subject matter jurisdiction in this Court.

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). "Federal jurisdiction must be rejected if there is any doubt to the right of removal . . . ." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Three possible bases could create jurisdiction in this case: (1) Section 8 creates a federal cause of action; (2) the determination of good cause for Defendant's eviction requires resolution of a substantial federal question; and (3) Section 8 pre-empts state law eviction proceedings. None of these bases provides subject matter jurisdiction in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2023 ABC (SSx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | MHS-Rossmore, LLC v. Silvia Villatoro | | |

Defendant claims that a federal question exists in this case because she referred to Section 8 in her complaint, which is a program governed by federal law. Defendant cites no law for this proposition, arguing only that Defendants must first comply with federal law, then state law, when evicting a Section 8 tenant. However, 24 C.F.R. § 982.310(e) only provides for owner termination of a Section 8 tenant under state or local procedural law. See Gallman v. Pierce, 639 F. Supp. 472, 478 (N.D. Cal. 1996) ("[T]ermination proceedings under Section 8's existing housing program are left by Congress and HUD to state law."). Defendant's reference to Section 8 does not establish a federal cause of action.

This unlawful detainer action also does not require resolution of a substantial question of federal law. Although section 1437f provides that evictions must be supported by "good cause," the complaint states only that the initial rental agreement was a "Section 8 agreement" and that the "Section 8 agreement [was] terminated by 90 Day Notice to Change Rental Obligation." (Compl. at 1-2.) Whether good cause existed under federal law is a defense to this unlawful detainer action, which does not establish subject matter jurisdiction. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (holding that "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); Las Casitas Assocs. v. Ramirez, 1994 WL 618491, at *2 (N.D. Cal. 1994) (holding that, "[a]lthough a possibility exists that plaintiff's unlawful detainer action might be defeated by defendant's assertion of lack of good cause pursuant to 42 U.S.C.[] § 1437f and 24 C.F.R. § 247, plaintiff's claim is not converted into a federal question." (internal citations omitted)).

Finally, Section 8 does not pre-empt the state eviction process. A state claim may sometimes be removed to federal court "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). Far from pre-empting the state eviction process, Section 8 explicitly authorizes state participation. See 24 C.F.R. § 982.310; Stevenson v. San Francisco Housing Auth., 24 Cal. App. 4th 269, 281 (1994) (noting that Section 8 legislation "envisions participation by States in the implementation of the program, thus, reducing the paersuasiveness of the argument in favor of preemption.")..

Subject matter jurisdiction does not exist in this case, so the Court REMANDS this action to state court.

**IT IS SO ORDERED.**

: 

Initials of Preparer    DA